326 P.2d 1022

**PLATEAU URANIUM INVESTMENT COR-PORATION, a Utah corporation, Plaintiff and Respondent,**

v.

**SUGAR & ULMER, a partnership, and Paul Sugar and Harry Ulmer, Defendants and Appellants.**

**No. 8774.**

Supreme Court of Utah.
June 19, 1958.

Clyde & Mecham, Elliott Lee Pratt, Salt Lake City, for appellants.

Dan S. Bushnell, Elwood A. Crandall, Salt Lake City, for respondent.

WADE, Justice.

Defendants, Sugar & Ulmer, appeal from a judgment awarding plaintiff, Plateau Uranium Investment Corporation, as assignee of Dan Bushnell, a practicing attorney, $768.76 as attorney's fees and costs. The services were rendered in effecting the incorporation of the Deseret Uranium Corporation, having it registered with the State and Federal Securities Commissions,

preparing a prospectus for the sale of its stock and other legal services.

Appellants contend (1) that the evidence does not support the finding that appellants incurred a primary liability to pay Bushnell $500 and costs for his services, and (2) that even if such finding was supported by the evidence, such obligation was discharged by Title 15, Chapter 4, U.C.A.1953, dealing with the release of a coobligor, because plaintiff reduced the amount it claimed against the Deseret Uranium Corporation by $700 in a suit against that corporation for these fees.

The finding that the defendants are primarily liable for the $500 retainer and costs is amply supported by the evidence. The evidence shows that Bushnell undertook to do this work at the request of a Mr. Prestwich and a Mr. Van Blerkem, with the understanding that the corporation, after it came into being, would pay $1,250 fees and costs, but after Bushnell had done much of the work, the underwriting failed and the project was temporarily abandoned before the corporation was formed. Thereafter Sugar & Ulmer proposed to use Bushnell's work and substitute other property for most of the property to be held by the corporation and proceed with the venture, but Bushnell said he was not interested unless Sugar & Ulmer would agree to pay him a retainer in advance of $500 and costs. This Sugar & Ulmer agreed to and Bushnell went ahead and formed the corporation and completed the work. There was also an agreement that the corporation would pay Bushnell $3,000 and costs for such services and issue to him $3,000 worth of its stock. Bushnell also agreed that if the corporation paid the fee in full in accordance with the agreement, he would repay Sugar & Ulmer the $500 and costs. Sugar & Ulmer paid $175 costs but failed to pay the additional costs or any part of the $500 retainer fee. Again the underwriting failed, and the corporation became insolvent, and it has made no payment on this obligation.

Except that Sugar & Ulmer, in the form of a conclusion, deny that they agreed to pay Bushnell $500 and costs to induce him to proceed with this work, there is little dispute in the evidence. They concede that Bushnell refused to proceed with the work without such an agreement, and they told him to go ahead. So the evidence supports the court's finding that they agreed to his demand. These facts establish that they undertook a primary obligation to pay him the $500 and costs and the trial court correctly so held.

Plaintiff did not make such a release of its claim against Deseret Uranium Company, which, under Title 15, Chapter 4, U.C.A.1953, caused the release of its claim against Sugar and Ulmer as coobligor.

Section 15–4–2, U.C.A.1953, provides that:

"A judgment against one or more of several obligors, or against one or more of joint or of joint or several obligors, shall not discharge a coobligor who was not a party to the proceeding wherein the judgment was rendered."

Section 15–4–4, U.C.A.1953, provides that:

"Subject to the provisions of section 15–4–3, the obligee's release or discharge of one or more of several obligors, or of one or more of joint or of joint and several obligors, shall not discharge coobligors against whom the obligee in writing and as part of the same transaction as the release or discharge expressly reserves his rights; and in the absence of such a reservation of rights shall discharge coobligors only to the extent provided in section 15–4–5."

Section 15–4–5, U.C.A.1953, provides that:

"If an obligee releasing or discharging an obligor without express reservation of rights against a coobligor then knows or has reason to know that the obligor released or discharged did not pay as much of the claim as he was bound by his contract or relation with that coobligor to pay, the obligee's claim against that coobligor shall be satisfied to the amount which the obligee knew or had reason to know that the released or discharged obligor was bound to such coobligor to pay.

"If an obligee so releasing or discharging an obligor has not then such knowledge or reason to know, the obligee's claim against the coobligor shall be satisfied to the extent of the lesser of two amounts, namely: (a) the amount of the fractional share of the obligor released or discharged, or (b) the amount that such obligor was bound by his contract or relation with the coobligor to pay."

■ The facts here present an unusual coobligor relationship. Sugar & Ulmer were primarily liable to pay the $500 retainer and costs to Bushnell. The Deseret Uranium Corporation was obligated to pay Bushnell for the same services $3,000 and costs and to issue to him $3,000 worth of its capital stock. In case Deseret fulfilled its obligation to Bushnell he agreed to repay Sugar and Ulmer the amount he received from them, but he was only obligated to repay them the amount which he received over and above the full amount which Deseret owed him.

Thus Bushnell knew that Deseret did not pay him as much of his claim as it was bound by its relations with its coobligors, Sugar and Ulmer, to pay. For as

to them Deseret was bound to pay all of Bushnell's claim against it, and relieve Sugar & Ulmer from any part of such obligation. On the other hand, Sugar & Ulmer were obligated to pay the full $500 and costs to Bushnell and were only entitled to a refund or to be relieved from such obligation in case Bushnell received from Deseret not merely $500, but the full $3,000 and costs, and the company issued to him $3,000 worth of its capital stock. So the only way under these arrangements that Sugar & Ulmer could benefit or be relieved from their obligation to pay Bushnell the $500 and costs would be for Deseret to satisfy its full obligation to him. Only in case he was paid the full amount which Deseret owed him as attorney's fees and costs were Sugar & Ulmer entitled to a refund or reduction in the amount of their obligation to him.

The purpose of the above statutes is to relieve a coobligor where, and to the extent, the obligee releases another co-obligor to his detriment. Here, although plaintiff reduced the amount of the judgment which it took against Deseret by $700 on account of the erroneous contention that plaintiff was not entitled to a judgment for the amount of its claim against Sugar & Ulmer, still such reduction can in no wise be a detriment to Sugar & Ulmer unless or until such reduced claim can be collected from Deseret. For only in such case can Sugar & Ulmer be re-

quired to pay a claim which the coobligor might have otherwise been compelled to pay. So we conclude that Sugar and Ulmer's claim could only have been released if it had been shown that Deseret paid the full amount of the reduced claim.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and WORTHEN, CROCKETT, and HENRIOD, JJ., concur.